**T. R. LEWIS et al., Appellants,**

v.

**Henry WALTERS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1960.

H. M. Shumate, Shumate & Shumate, Irvine, for appellants.

Julian W. Knippenberg, Lexington, A. J. Deindoerfer, John C. Fogle, Boehl, Stopher,

Graves & Deindoerfer, Louisville, S. H. Rice, Irvine, for appellees.

STEWART, Judge.

In this action plaintiff, T. R. Lewis, sought in the Estill Circuit Court recovery of $7500 from defendants, Paul Walters and Henry Walters, for damages alleged to have been caused to his automobile, for medical expenses claimed to have been incurred by reason of injuries to his wife, and for loss of consortium purported to have been sustained by him because of his wife's injuries. Plaintiff, Stella Lewis, the wife of T. R. Lewis, sought recovery of $25,000 as damages in the same action from the same defendants for alleged personal injuries suffered by her. Defendant, Henry Walters, by counterclaim sought recovery from plaintiffs of $850 as damages to his car.

At the conclusion of all the evidence each of the parties entered a motion for a directed verdict, which motions were overruled. Upon submission the jury returned a verdict finding that each automobile operator was equally to blame for the accident and denying recovery upon the part of any of the parties. Plaintiffs then moved for judgment notwithstanding the verdict, and this motion was overruled. Plaintiffs have appealed from the judgment entered and defendant, Henry Walters, after filing timely notice of his cross-appeal, has failed to prosecute the same.

At the trial each side contended the driver of the other automobile was alone to blame for the collision of the two motor vehicles and the consequences that arose therefrom. In this appeal, plaintiffs renew their contention that the negligence of the operator of the Walters car was the sole cause of the accident. Our answer to this point, in our opinion, will determine this appeal.

A summary of the pertinent facts surrounding the mishap is that on May 5, 1958, defendant, Paul Walters, was proceeding eastwardly on Main Street in Ravenna in Estill County. The latter, a 17-year-old youth, was driving the car of his father, Henry Walters, his co-defendant herein, and was, according to his testimony, traveling on his side of the street, or in the south lane of traffic, at a rate of speed of 30 to 35 miles per hour.

As the Walters' car approached Third Street from Fourth Street, Stella Lewis, who was the sole occupant in the car of her husband, T. R. Lewis, drove her motor vehicle diagonally out on to Main Street, passed through the north traffic lane of that street and then pulled into the south traffic lane with the intention of going east, or in the same direction in which young Walters was at the time traveling. She previously had been parked on the north side of Main Street in front of the home of her husband's sister, Nora Yater, her car headed east. The collision occurred at the instant the Walters car struck the right rear corner of the Lewis car, causing the latter vehicle to turn completely around with its front toward the west; then it was knocked backwards a distance of 60 feet. Stella Lewis indicated her speed was around 10 miles per hour. Defendant, Paul Walters, testified he did not see the Lewis car until he was within eight feet of it.

Stella Lewis stated that she looked up and down Main Street for approaching traffic before she started out onto the traveled portion of the street. She said she did not see any vehicle coming; in fact, the evidence in this case points up the fact that no cars, other than the two involved in the collision, were on the street at or near the scene of the accident. Stella Lewis did not reveal whether she looked east or west on Main Street after she had left her parked position and proceeded out into the street.

Although young Walters estimated the speed at which his car was traveling to be not in excess of 35 miles per hour, Nora Yater, a witness for plaintiffs who was standing on the north side of the road at the time the two cars ran together, testified

she could not recognize the driver of the Walters car because it was going "too fast." Two other persons who appeared as witnesses for plaintiffs stated that the Walters car was making from "35 to 45 miles an hour."

It was daytime and a misting rain was falling. The pavement at the location where the accident occurred was approximately 22 feet in width. The street was straight and level; and it was brought out that a vehicle coming from the west could be seen for a distance of 1600 feet from the point of impact of the two cars. The accident happened about 100 feet west of Third Street. A standard Department of Highways sign erected at the junction of Fifth Street with Main Street established the lawful speed at 35 miles per hour along this section of the street. State Highway No. 52 is routed over Main Street in Ravenna.

KRS 189.440 states: "No person shall start a vehicle that is stopped or parked unless and until the movement can be made with reasonable safety." It would seem Stella Lewis disregarded the plain provisions of this statute at the time of the accident, for the reason that she did not yield the right of way to the oncoming Walters car. This statute has been held to be applicable where a motorist drives his car from the side of the road out across the near lane and in front of an automobile proceeding in the far lane of the highway. Clay v. Sammons, Ky., 239 S.W.2d 927.

It will be recalled Stella Lewis had an unobstructed view of 1600 feet toward the west. She testified she looked west in the direction from which the Walters car was approaching, but she claims she did not see this car coming. This testimony, however, must be considered in connection with another statement she made during the trial. For instance, on direct examination she said she only looked up and down the street *before* she started her car across the street. Even assuming the Walters car could not have been seen by her when she com-

menced her passage across the road, it is manifest that she could have seen it, had she looked, before she pulled out of the north lane into the south lane of Third Street and immediately in front of the Walters car.

Stella Lewis' lookout duty was not confined alone to the time and place she started out across the street in her car. That is to say, she could not look at the beginning of her journey and then proceed one hundred feet into the street, without looking again to see if a car was coming, before she proceeded into the south lane and into the line of traffic coming from the west.

Stella Lewis said she traveled about one hundred feet at ten miles an hour prior to the collision. At that speed she was covering approximately fourteen feet per second. It therefore took her some seven seconds to cross the north lane of Main Street and to get partially into the south lane to the place where the two cars met. In Ratliff v. Mayo, Ky., 290 S.W.2d 479, 481, where the plaintiff, Ratliff, slowly pulled his automobile diagonally across the highway at a low speed and his car traveled some seventy feet in the left lane of the highway, consuming about ten seconds time in doing so, this Court pointed out that the plaintiff was required to maintain a constant lookout while so proceeding. We quote this statement from the opinion in the Mayo case on this point:

"It is not enough for him (Ratliff, the plaintiff,) to say he looked once and then looked again 10 seconds later. In 10 seconds an approaching automobile traveling at the perfectly legal speed of 50 miles per hour would travel a distance of more than 700 feet. * * * That his negligence was a contributing factor in the collision, to the extent that the collision would not have happened but for his negligence, is a matter upon which reasonable minds could not differ. Accordingly, it is our opinion that the court properly entered judgment for the defendant."

We are of the opinion that Stella Lewis was guilty of negligence as a matter of law in the operation of her husband's car. The conclusion we have reached in this respect renders it unnecessary to consider certain other alleged errors urged by plaintiffs for reversal of the judgment.

Wherefore, the judgment is affirmed.