**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Troy A. PATTERSON, Defendant–**
**Appellant.**

No. 92–3224.

United States Court of Appeals,
Sixth Circuit.

Argued March 4, 1993.

Decided May 12, 1993.

Terry Lehmann (argued), Office of the U.S. Atty., Cincinnati, OH, Michael J. Burns, Asst. U.S. Atty., Marcia J. Harris (briefed), Office of the U.S. Atty., Columbus, OH, for plaintiff-appellee.

James E.L. Watson (argued and briefed), Columbus, OH, for defendant-appellant.

Before: GUY and BOGGS, Circuit Judges; and BELL, District Judge.*

PER CURIAM.

After a bench trial, the defendant, Troy Patterson, was found guilty of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the defendant had filed a motion to suppress the evidence as to the cocaine found in his car at the time of his arrest. It is from the denial of this motion that defendant now appeals.

---

* The Honorable Robert Holmes Bell, United States District Court for the Western District of Michigan, sitting by designation.

Upon a review of the record, we conclude that the motion to suppress was properly denied and we affirm defendant's conviction; however, we follow a different line of analysis than that employed by the district court.

## I.

In the early morning hours of August 18, 1990, two Columbus, Ohio, police officers patrolling in their police cruiser had their attention attracted to the defendant. The defendant, alone in a motor vehicle, was stopped in the middle of the street talking to another unidentified person and blocking the roadway in so doing. As the police cruiser came up behind Patterson, he took off at a high speed, failed to stop properly for a stop sign, and made a left turn without signalling. The police officers followed the vehicle until it pulled into the driveway of an apartment complex where the vehicle abruptly stopped, partially on the grass.

Patterson was approached and informed of the violations he had just committed. A records check revealed that Patterson was driving on a suspended license, and he was placed under arrest. Patterson's car was then searched and impounded. In the course of the search, a plastic baggie was found under the driver's seat containing what later proved to be crack cocaine. The vehicle search was characterized by the officers as an inventory search. The impounding of the vehicle was claimed to be pursuant to city policy as evidenced in a City of Columbus ordinance.[1]

Patterson was subsequently indicted and filed a motion to suppress, challenging the propriety of the warrantless search of his vehicle after his arrest. After a hearing, the trial court concluded that this was an inventory search conducted pursuant to established policy of the City of Columbus relating to the conditions under which vehicles can be impounded. The court found this inventory search to be consistent with the law as enunciated by the Supreme Court in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and denied the motion to suppress.

## II.

 The parties devote their efforts on appeal to arguing whether or not this was a valid inventory search. We find that it is not necessary to resolve this issue. Patterson does not challenge the propriety of his arrest.[2] At the time of his arrest, he was operating a motor vehicle. In *United States v. White*, 871 F.2d 41 (6th Cir.1989), we held

1. Columbus City Code provides in pertinent part:
 2107.01 Reasons for impounding.
 Any police officer is authorized to remove from the streets, sidewalks, or public grounds:
 (a) Any vehicle parked, left standing or abandoned thereon in violation of any of the specific terms of this Traffic Code, subject to the provisions of Section 2150.02 of this Traffic Code.
 (b) Any vehicle which has been reported stolen.
 (c) Any vehicle from which the driver has been arrested, or any vehicle operated by a person who refused to obey the instruction of any police officer after such person has been placed under arrest.
 (d) Any vehicle from which the driver or operator has been removed due to illness or injury.
 (e) Any vehicle which, in the impounding authorities['] opinion, creates a condition which presents a risk of physical harm to persons or property including vehicles which, without authorization, release, discharge or leak substances into or upon the environment.
 (f) Any vehicle operated by a person while engaged in, or connected with, the commission of a crime.
 (g) Any vehicle operated by a person without an operator's license, or during a period of suspension or revocation of such license.
 (h) Any vehicle that has been involved in an accident and the driver/operator has failed to stop after such accident.
 (i) Any vehicle which fails to comply with the provisions of this Traffic Code relative to equipment.
 (j) Any vehicle abandoned after an accident on public or private property away from the owner's residence. (Ord. 453–87.)

2. Under the law of our circuit, as set forth in *United States v. Pino*, 855 F.2d 357, 361 (6th Cir.1988), *cert. denied*, 493 U.S. 1090, 110 S.Ct. 1160, 107 L.Ed.2d 1063 (1990), *United States v. French*, 974 F.2d 687 (6th Cir.1992), and *United States v. Crotinger*, 928 F.2d 203 (6th Cir.1991), and following the Eleventh Circuit's decision in *United States v. Smith*, 799 F.2d 704 (11th Cir. 1986), the arrest was certainly justified, because a reasonable police officer would have stopped a driver who blocked the roadway, took off at a high rate of speed, and failed to stop for a stop sign.

that police may search a vehicle incident to arrest even after the arrestee was hand-cuffed and placed in the backseat of a police cruiser.[3] Although there is a split in the circuits on this point,[4] we have not wavered in our adherence to this rule.[5]

In making the determination to affirm on the basis of the car search being a valid search made incident to a lawful arrest, we do not reject the findings of the district court. We do avoid, however, the necessity of our interpreting the Columbus ordinance and determining anew whether the situation presented here fell within the criteria authorizing the impounding of a vehicle.

AFFIRMED.

**3.** This holding is consistent with *New York v. Belton,* 453 U.S. 454, 462, 101 S.Ct. 2860, 2865, 69 L.Ed.2d 768 (1981), where the Court stated:

It is not questioned that the respondent was the subject of a lawful custodial arrest on a charge of possessing marihuana. The search of the respondent's jacket followed immediately upon that arrest. The jacket was located inside the passenger compartment of the car in which the respondent had been a passenger just before he was arrested. The jacket was thus within the area which we have concluded was "within the arrestee's immediate control" within the meaning of the *Chimel* [*v. Califor-*

*nia,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ] case.
(Footnote omitted). In *Belton,* as in the case at bar, the defendant was out of the car at the time the vehicle search occurred and did not have access to either weapons or contraband which might have been in the car.

**4.** *Contra United States v. Vasey,* 834 F.2d 782, 787 (9th Cir.1987).

**5.** Note, however, *United States v. Strahan,* 984 F.2d 155 (6th Cir.1993) (*White* only governs when the police remove the defendant from the vehicle).