82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven H. CARR, Defendant-Appellant.
 No. 95-6020.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Steven H. Carr, a federal prisoner, appeals his judgment of conviction on one count of possessing illegal firearms in violation of 26 U.S.C. § 5861(c). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Carr was indicted on the count described above and two additional firearms counts. He filed a motion to suppress evidence seized during a warrantless search of his truck at the time of his arrest. Following a hearing, a magistrate judge recommended that the motion to suppress be denied. The magistrate judge concluded that the search was proper both under the automobile exception to the warrant requirement and as a search incident to a lawful arrest. The district court overruled Carr's objections, accepted the magistrate judge's report and recommendation in whole, and denied Carr's motion to suppress in a memorandum and order filed on January 9, 1995. Carr subsequently executed a plea agreement under Fed.R.Crim.P. 11 which reserved his right to appeal the district court's denial of his motion to suppress. On July 13, 1995, the district court sentenced Carr to 30 months in prison and three years of supervised release. The judgment was entered on July 26, 1995.
 
 
 4
 On appeal, Carr argues that the district court erred in denying his motion to suppress evidence seized during the search of his truck on March 12, 1995.
 
 
 5
 The district court did not err in denying Carr's motion to suppress because the search of his truck was proper under both theories relied upon by the district court. This court reviews a district court's findings of fact regarding a motion to suppress evidence for clear error and reviews its conclusions of law de novo. See United States v. Hudgins, 52 F.3d 115, 118 (6th Cir.), cert. denied, 116 S.Ct. 237 (1995).
 
 
 6
 The initial stop of Carr's vehicle was proper because the officers had a reasonable suspicion that he had been involved in a stabbing and was presently involved in marijuana trafficking. In Terry v. Ohio, 392 U.S. 1 (1968), the Supreme Court held that police may stop persons without probable cause in limited circumstances without violating the Fourth Amendment prohibition against illegal searches and seizures. "An officer has the authority to make a Terry stop 'when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity.' " United States v. Thomas, 11 F.3d 620, 627 (6th Cir.1993) (quoting United States v. Hensley, 469 U.S. 221, 227 (1985)), cert. denied, 114 S.Ct. 1570 and 1571 (1994). In the instant case, officers had been looking for Carr in order to question him about a recent stabbing where witnesses had identified him as the cutter. In addition, a confidential informant who had provided reliable information in the past had notified police that Carr was in possession of a large quantity of marijuana that he was planning to sell that night. Details provided by the informant were verified by officers through direct observation. Thus, the circumstances of this case satisfied Terry and Thomas for two independent reasons: the officer who stopped Carr had a reasonable, articulable suspicion both that he had been engaged in criminal activity and that he was currently engaged in criminal activity.
 
 
 7
 Once he was stopped, Carr became belligerent and uncooperative. A plastic bag was protruding from his back pocket which, upon inspection, appeared to contain marijuana. Carr was then handcuffed and placed under arrest. When Carr refused to produce a key to unlock his truck for an inventory search, a canine unit and a wrecker were called. The dog alerted for the presence of drugs and, when the vehicle door was opened, a loaded pistol and two large-bladed knives were discovered under the driver's seat. A loaded semiautomatic handgun and the two grenades for which Carr was convicted were found in the glove compartment. This court has consistently held that "police may search a vehicle incident to arrest even after the arrestee was handcuffed and placed in the backseat of a police cruiser." United States v. Patterson, 993 F.2d 121, 122 (6th Cir.1993) (per curiam). See also Hudgins, 52 F.3d at 118-19 (citing New York v. Belton, 453 U.S. 454, 460 (1981) and Chimel v. California, 395 U.S. 752, 762-63 (1969)). Thus, the district court did not err in concluding that the search of Carr's truck was a valid search incident to arrest.
 
 
 8
 The district court also properly determined that the search was valid under the automobile exception to the warrant requirement. Under this exception, officers may search a vehicle without a warrant if probable cause exists to believe that the car contains contraband or evidence of a crime. See California v. Carney, 471 U.S. 386, 390-94 (1985); United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994).
 
 
 9
 Accordingly, the district court's judgment, entered on July 26, 1995, is affirmed.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation