**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antoine CLARK, Defendant–Appellant.**

**No. 01–5126.**

United States Court of Appeals,
Sixth Circuit.

Oct. 4, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Defendant Antoine Clark appeals the district court's denial of his motion to suppress evidence from the stop and search of his vehicle. For the following reasons, we AFFIRM.

## BACKGROUND

In 2000, in Frankfort, Kentucky, Police Officer Charles Adams was sitting in his cruiser, parked near the R & C Sports Bar. At approximately 2:00 a.m., Adams heard a car "rev up" and saw it "take off at a high rate of speed or rapidly for the . . . parking lot conditions, with people and other cars around." Kentucky law provides that "[n]o person shall start a vehicle that is stopped or parked unless and until the movement can be made with reasonable safety." Ky. Rev. St. § 189.440. Adams stopped the car, driven by Clark, as it turned onto Highway 27. Adams administered a portable breath test on Clark, which registered below the legal limit for alcohol intoxication.

However, an administrative check of Clark's operators' license revealed that it was suspended. Adams arrested Clark for driving on a suspended license, placed him in the back of the cruiser, and proceeded to search his vehicle. The search yielded a quantity of crack cocaine under the ashtray in the console between the two front seats.

Clark was indicted for possession with intent to distribute cocaine base. Clark moved to suppress the evidence obtained from his vehicle. The district court held a suppression hearing, at which Loren Wells, a State Alcohol and Beverage Control agent, testified that on the date of the arrest he had heard "tires screaming" and observed a car pulling out from the area. Wells further testified that he left the parking lot and prepared to stop the car, but Adams did so before he could. Clark testified that he had not gunned his engine, squealed his tires, or driven fast, and he presented two witnesses who stated that they did not see him do anything improper. The district court denied Clark's motion to suppress, and he entered a conditional guilty plea to the indictment.

## STANDARD OF REVIEW

In reviewing the denial of a motion to suppress, this court must uphold the district court's findings of fact unless they are clearly erroneous. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999). The district court's legal conclusions are reviewed *de novo*. *Id.* The appellate court reviewing the denial of a motion to suppress considers the evidence in the light most favorable to the government. *United States v. Wellman*, 185 F.3d 651, 655 (6th Cir.1999).

## DISCUSSION

### Lawfulness of the Initial Traffic Stop

An officer is permitted to stop a vehicle if he has probable cause to believe a traffic violation is occurring or has occurred. *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993). Clark contends that the initial traffic stop of his vehicle was unsup-

ported by probable cause. Specifically, he challenges Adams's stated purpose for the stop, which was to cite him for an improper start in violation of Ky. Rev. St. § 189.440, and asserts that contradictions in the officer's testimony undermine its credibility.

■ A review of the record does not reveal any material contradictions in Adams's testimony. Even if there were, it is up to the trial court to determine the credibility of the witnesses. Although Adams did not see Clark pull out of a parking spot, he did see him start from a stopped position. Ky. Rev. St. § 189.440 is broad enough to encompass this situation. *See Lewis v. Walters,* 341 S.W.2d 67, 69 (Ky.1960). Thus, Adams recounted the circumstances justifying the stop with sufficient particularity to sustain a finding of probable cause.[1] Neither of the witnesses Clark touts as confirming his version of events actually saw him leave the parking lot. Moreover, while there is an apparent contradiction between the testimony of Wells and Adams as to whether Clark's tires squealed, the court does not deem this material, as Adams's observations are sufficient to establish a violation of the statute.[2] The district court credited Adams's testimony, and it is well-settled that "[t]he appellate courts generally do not review the district court's determinations regarding witness credibility." *United ed States v. Gessa,* 57 F.3d 493, 496 (6th Cir.1995). The findings of the district court were not clearly erroneous. Thus,

the initial traffic stop of Clark's car was lawful.[3]

### Lawfulness of the Vehicle Search

■ "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Such a search may extend to "anything in the area which is, or was, within the 'immediate control' of the defendant." *United States v. Hatfield,* 815 F.2d 1068, 1071 (6th Cir.1987). Clark contends that even if the initial stop of his vehicle was justified, the subsequent search did not meet the "search incident to arrest" exception to the warrant requirement because he was arrested outside the vehicle and could not have gotten back into it to obtain a weapon or destroy evidence. This argument is without merit. The cocaine was found under the ashtray in the passenger compartment, an area which was within Clark's immediate control when the stop occurred, as he was then operating the vehicle. *See id.* Further, the district court was correct in finding that this court has already rejected Clark's argument regarding his removal from his vehicle. *See United States v. Hudgins,* 52 F.3d 115, 119 (6th Cir. 1995). While Clark advocates the substitution of a case-by-case analysis for the *Belton* "bright-line" rule, and asserts indications of the Supreme Court's willingness to resolve the split among the Circuits on this issue, his arguments are better ad-

---

1. *United States v. Goodwin,* 2000 WL 64972, No. 98–6415, 2000 U.S.App. LEXIS 570 (6th Cir. Jan. 12, 2000), is distinguishable in that the officer in that case was unable to cite to any state law or ordinance making the defendant's alleged conduct illegal; here, there is such a statute.

2. In light of this conclusion, there is no need to consider the government's argument that Adams could have arrested Clark for driving under the influence or for reckless driving.

3. Clark's assertion that he was the victim of racial profiling in violation of the Equal Protection Clause is unsupported and undeveloped.

dressed to that Court, as "we have not wavered in our adherence to this rule." *United States v. Patterson*, 993 F.2d 121, 123 (6th Cir.1993).

AFFIRMED.

