organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and this refraining from conduct that would interfere with its performance of its legal or contractual obligations.

LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2). In addition, the National Labor Relations Board has held that expulsions are permissible where the actions of a union member interfere with the union's institutional integrity. Section 8(b)(1)(A) National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A).

In this case, there is abundant evidence in the record that Mayle's actions threatened the continued existence of the union. The evidence in this case is more than the "some evidence" standard required by the LMRDA. *International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233, 245–46, 91 S.Ct. 609, 616–17, 28 L.Ed.2d 10 (1971).

Accordingly, we find that the International Union and Local 1015 complied with all of the requirements of § 101(a)(5) of the LMRDA and lawfully expelled Mayle. The judgment of the Honorable Samuel Bell of the United States District Court, Northern District of Ohio is hereby AFFIRMED.

ORDER

Upon consideration, it is ORDERED that the opinion in this case filed August 31, 1988, 855 F.2d 357, be amended by adding the special concurring opinion as follows:

"JONES, CIRCUIT JUDGE Concurring. While I join the majority, I find it necessary to emphasize the limited scope of our decision in this case. In particular, as I read Judge Brown's opinion, the sole basis for our approval of the initial stop of Pino's automobile is our determination that the district court's finding as to the actual reason for the stop (the traffic violation) is not clearly erroneous. Likewise, the majority's approval of Pino's arrest appears to be founded solely upon the conclusion that the district court's decision as to the basis for the arrest (the arresting officer's *legitimate* conclusion that Pino would not appear in court) is not clearly erroneous. Finally, I do not read the majority opinion to express any view on the constitutional permissibility of basing stops and/or arrests on 'profiles' containing racial characteristics. On the basis of this understanding, I concur in the majority's decision."

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Osvaldo Ramon PINO (87–6129), Silverio Juan Llera (87–6130), Defendants–Appellants.**

**Nos. 87–6129, 87–6130.**

United States Court of Appeals, Sixth Circuit.

Jan. 5, 1989.

Rehearing and Rehearing En Banc Denied Feb. 16, 1989.

Before JONES, Circuit Judge; LIVELY * and BROWN, Senior Circuit Judges.

* Hon. Pierce Lively assumed senior status on

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John GARCIA (86–6110), and Alan David Wolfe (86–6111), Defendants–Appellants.**

**Nos. 86–6110, 86–6111.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1987.

Decided Jan. 10, 1989.

January 1, 1989.