**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Freddie MANS, Defendant–Appellant.**

**No. 91–6289.**

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1993.

Decided July 7, 1993 *.

---

* This decision was originally issued as an "unpublished decision" filed on July 7, 1993. On July 21, 1993, the court designated the opinion as one recommended for full-text publication.

Daniel A. Clancy, U.S. Atty., Stuart J. Canale, Asst. U.S. Atty. (argued and briefed), Office of U.S. Atty., Memphis, TN, for U.S.

John Wesley Hall, Jr., Little Rock, AR (argued and briefed), for Freddie L. Mans.

Before: GUY and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge.**

SUHRHEINRICH, Circuit Judge.

Defendant Freddie Mans challenges the district court's denial of his motion to suppress certain evidence, and his sentence as a

** The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

career offender under U.S.S.G. § 4B1.1. For the following reasons, we **AFFIRM.**

## I.

On July 28, 1990, officer J.D. Birch of the Memphis Police Department observed defendant pull out of an alley. Birch recognized defendant from prior arrests, and knew that his driver's license had been revoked. Upon seeing Birch, defendant backed his car down the alley into a small automotive repair garage and got out of his automobile. Birch turned into the alley after defendant. When Birch saw defendant exit his vehicle, he called to him to stop and asked for his driver's license. Facing defendant, Birch saw a hand-rolled cigarette in defendant's shirt pocket, which Birch thought was marijuana. Birch removed the cigarette and determined that it had the odor of marijuana. Birch placed defendant under arrest for possession of marijuana.

Birch and his partner, T.A. Tisby, made sure that nothing was under the police cruiser's backseat and placed defendant in the rear of the car. Tisby remained outside the car to watch defendant, while Birch called for additional officers. Upon their arrival, an officer confirmed that defendant's license was still revoked. The officers called for a tow truck and proceeded to search the vehicle. The search of the interior revealed approximately $8,000 in cash under the front seat, while the trunk contained a set of scales and clear cellophane, items used to package cocaine. During the search, Tisby noticed defendant reaching into his waistband, and apparently removing something. The officers removed defendant from the police cruiser and found six cellophane packages of cocaine under the backseat of the patrol car.

Defendant was indicted on August 13, 1990 by a federal grand jury for possession with intent to distribute approximately 50.14 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant moved to suppress the evidence seized from the vehicle and the patrol car. On March 22, 1991, the magistrate recommended that the motion be denied. The district court adopted the magistrate's report and recommendation on April 12, 1991. Defendant was convicted, and the district court sentenced him as a career offender under the Sentencing Guidelines based on five prior drug convictions.

## II.

### A.

#### 1.

■ Defendant first argues that the fact that his license was revoked was used as a mere pretext to stop and search defendant for drugs. In determining whether a stop was unreasonably pretextual, we must ask "whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." *United States v. Ferguson*, 989 F.2d 202, 204 (6th Cir.1993) (quoting *United States v. Smith*, 799 F.2d 704, 709 (11th Cir.1986) (emphasis original)). *Accord United States v. Pino*, 855 F.2d 357, 361 (6th Cir.1988), *modified*, 866 F.2d 147 (6th Cir.1989), *cert. denied*, 493 U.S. 1090, 110 S.Ct. 1160, 107 L.Ed.2d 1063 (1990). Here, Birch knew that defendant's license had been revoked. We conclude that, under these circumstances, a reasonable officer would have stopped defendant, rather than allowing him to continue to drive illegally. Thus, the stop was not unreasonable.

■ When Birch then found the marijuana cigarette, he had probable cause to arrest defendant for possession of marijuana. *See United States v. Watson*, 423 U.S. 411, 418, 96 S.Ct. 820, 825, 46 L.Ed.2d 598 (1976) (commission of crime in presence of officer is sufficient cause to support warrantless arrest). We consequently find no constitutional error in either the initial stop or the arrest of defendant.

#### 2.

■ Defendant next contends that the subsequent search of the vehicle was unjustified. We disagree. A police officer may search the passenger compartment of an automobile incident to the lawful custodial arrest of the occupant of the vehicle without a warrant or probable cause. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). This is so even if the arrestee has been separated from his

car prior to the search of the passenger compartment. *United States v. White,* 871 F.2d 41, 44 (6th Cir.1989). Further, where police have probable cause to believe that a vehicle contains contraband, they may search the entire vehicle and any containers located within it. *California v. Acevedo,* —— U.S. ——, ——, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).

■ In the instant case, defendant was lawfully arrested. Incident to that arrest the officers could search the interior of his car without a warrant or probable cause; thus, the cash found under the front seat was admissible. The marijuana cigarette coupled with the large sum of cash provided the officers with probable cause to believe that the car contained other drugs or drug paraphernalia. Their belief was only strengthened when they discovered defendant hiding packages of cocaine under the backseat of the police cruiser. Thus, the search of the trunk was supported by probable cause, and the scales and cellophane were also admissible.

### B.

■ Defendant also challenges his sentence, arguing that the government did not file an information giving defendant notice of what prior convictions would be used to enhance his sentence as required under the Controlled Substances Act, 21 U.S.C. § 851(a)(1).[1] It is true that no such information was filed, but the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines. *See, e.g., United States v. Roberts,* 986 F.2d 1026, 1033 (6th Cir.1993); *United States v. Meyers,* 952 F.2d 914, 919 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992). Because defendant's

sentence was enhanced under the Guidelines, no information was required.

For the foregoing reasons, we **AFFIRM.**

---

1. Section 851(a)(1) provides, in pertinent part: No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.... 21 U.S.C. § 851(a)(1).