68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WESLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6006.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges, and COFFMAN, District Judge.*
 
 ORDER
 
 2
 Henry Wesley appeals pro se from a district court order that denied his motions for relief from judgment filed under Fed.R.Civ.P. 60(b). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Wesley was convicted of possessing cocaine base for intended distribution and sentenced to 30 years of imprisonment as well as 4 years of supervised release. The facts underlying his case were described by this court on direct appeal.
 
 
 4
 On January 20, 1989, Wesley pled guilty to a one-count indictment charging him with possession of eleven grams of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841. The pre-sentence investigation revealed that Wesley had three prior felony convictions in Tennessee state courts.
 
 
 5
 On March 1, 1985, Wesley had been convicted of shooting/throwing a missile calculated to produce death or bodily harm. On April 29, 1987, Wesley was convicted for possession of marijuana with the intent to distribute. On June 3, 1987, Wesley was convicted of possession of cocaine with the intent to distribute. Because of these three prior convictions, Wesley fell into the career criminal category, Section 4B1.1 of the Sentencing Guidelines.
 
 
 6
 The court affirmed after finding that Wesley's 1985 conviction involved a violent felony.
 
 
 7
 In his Sec. 2255 motion, Wesley alleged that his indictment did not list the prior convictions which formed the basis of his sentence as a career offender, that his counsel was ineffective at sentencing, and that the equivalency ratio of cocaine to cocaine base was unconstitutionally vague. The district court denied this motion on April 23, 1992. This court subsequently held that the denial of Wesley's Sec. 2255 motion was not reviewable because his appeal from that judgment had not been timely. The court also found that the district court had not abused its discretion by denying Wesley's first Rule 60(b) motion.
 
 
 8
 In the Rule 60(b) motions that are the subject of his present appeal, Wesley alleged: 1) that 18 U.S.C. Sec. 851 applied to his sentence as a career offender; 2) that his state convictions were not serious offenses; and 3) that one of these convictions was no longer a felony under state law. The district court denied Wesley's motions on July 11, 1994, because his allegations did not address the basis of its original judgment. The court also decided not to construe Wesley's current motions as a new Sec. 2255 motion because his arguments were plainly lacking in merit. It is from this judgment that Wesley now appeals.
 
 
 9
 Wesley specifically cited Rules 60(b)(4) and 60(b)(6) in the motions that are the subject of this appeal. Rule 60(b)(4) is inapposite as it only applies when a judgment is void. See Olle v. Henry & Wright Corp., 910 F.2d 357, 364 (6th Cir.1990). Rule 60(b)(6) applies in "unusual and extreme situations where principles of equity mandate relief." Id. at 365 (emphasis in the original). The district court's denial of a Rule 60(b)(6) motion is examined for an abuse of discretion, and its discretion is especially broad given the equitable principles involved. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). The court did not abuse its discretion in the case at hand.
 
 
 10
 Wesley alleged that 18 U.S.C. Sec. 851 required the prosecution to file an information before his rearraignment advising him that it intended to use his prior convictions for sentence enhancement. The district court properly determined that this claim lacked merit because Wesley's sentence was enhanced under the sentencing guidelines and because it still fell within the original statutory range. See United States v. Brannon, 7 F.3d 516, 521 (6th Cir.1993); United States v. Mans, 999 F.2d 966, 969 (6th Cir.), cert. denied, 114 S.Ct. 567 (1993).
 
 
 11
 Wesley now argues that the prosecution waived its right to file an information under Fed.R.Crim.P. 12. He also cites 18 U.S.C. Sec. 3553(b), which authorizes sentencing outside the guidelines range under extraordinary circumstances. These arguments are unavailing, as the prosecution was not required to file an information. Moreover, the court's decision not to depart downward from the appropriate guideline range is simply not appealable. See United States v. Akrawi, 982 F.2d 970, 975 (6th Cir.1993).
 
 
 12
 Wesley alleged that he should not have been sentenced as a career offender because his state convictions were not "serious" felonies under 18 U.S.C. Sec. 924(e). Wesley has not raised this claim in his brief, and it is abandoned for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Nevertheless, we note that the district court properly found that USSG Sec. 4B1.1 does not require underlying felony convictions to be serious.
 
 
 13
 Wesley also alleged that he received ineffective assistance of counsel because his attorney did not object when his state marijuana conviction was used to enhance his federal sentence. His argument is based on Tenn.Code.Ann. Sec. 39-17-418, which now provides that the distribution of less than 1/2 ounce of marijuana may be a misdemeanor. The district court found that this claim was frivolous because Wesley's marijuana conviction had been considered in conjunction with a related state felony conviction for possessing cocaine. The claim is also unavailing because Wesley's marijuana conviction was governed by former Tenn.Code Ann. Sec. 39-6-417(a)(1)(F), which clearly indicates that he was sentenced to a felony. That section was still in effect when Wesley was sentenced in federal court. Hence, counsel's performance was not deficient despite his failure to raise Wesley's claim at sentencing and Wesley was not prejudiced by counsel's alleged error. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 14
 Wesley now alleges that his sentence should have been calculated by determining a ratio based roughly on the maximum amount of cocaine base and the maximum sentence anticipated by 21 U.S.C. Sec. 841(b)(1)(B) and then comparing this ratio to the amount of cocaine base that was involved in his offense. We will not reach this claim because it was not presented to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). We note, nonetheless, that the claim is not cognizable under Rule 60(b)(6) because it alleges a strictly legal error or mistake within the meaning of Rule 60(b)(1). See Hopper, 867 F.2d at 294.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation