69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. BAXTER, Defendant-Appellant.
 No. 95-5073.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: KRUPANSKY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant James M. Baxter ("Baxter") pleaded guilty to one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c), conditional upon his right to appeal the denial of his motion to suppress. We AFFIRM the district court's order and judgment of conviction.
 
 I.
 
 2
 On January 17, 1993, former police officer Joseph A. Zianno stopped an S-10 pickup truck with expired dealer tags being driven by Baxter. Baxter also lacked proof of insurance and registration. Zianno decided to impound the vehicle upon being informed by the dispatch center that it would not be able to verify the ownership of the truck. After the wrecker arrived, Zianno issued Baxter a citation and told him that he could take his belongings with him.
 
 
 3
 The parties dispute what happened next. Zianno testified that as Baxter gathered his duffel bag and leather jacket from the vehicle, Zianno observed a small brown tinted glass vial containing a white powdered substance fall out of the jacket and onto the seat. Zianno maintains that at this point he grabbed Baxter's arm to get a better view and felt the outline of a small gun in a right side pocket of the leather jacket, which by this time Baxter was wearing. Zianno arrested Baxter and then searched the truck. Zianno found a gun with four rounds of live ammunition, a marijuana cigarette, and money in the jacket; a vial of cocaine in the truck; and more money, a "Dr. Pepper" can with a false bottom containing several bags of cocaine, a kitchen strainer, a bottle containing a cutting agent, a pager, as well as other drug paraphernalia, in the duffel bag. Baxter, on the other hand, testified that Zianno asked to see what was in the bag, took it from Baxter without his consent, searched its contents, and then arrested him.
 
 
 4
 Baxter was charged originally in state court with trafficking in cocaine, trafficking in marijuana, carrying a concealed weapon, and possession of a controlled substance. On May 14, 1993, he pleaded guilty to the trafficking in cocaine charge, and the remaining three state counts were dismissed. He was subsequently charged with the instant federal offense.
 
 
 5
 Baxter filed a motion to suppress, arguing that the evidence seized as a result of the unlawful stop and search of himself, and the unlawful search of the vehicle, violated his Fourth Amendment rights. Baxter and Zianno testified at the evidentiary hearing.[1] The magistrate judge held that Baxter lacked standing to challenge the search of the truck and personal items, having disclaimed ownership of them in the parallel state proceeding; that the initial stop was not pretextual; and that the warrantless search of the truck was permissible under either the "automobile exception" to the warrant requirement or as an inventory search. Finally, the magistrate judge held that, independent of these two exceptions, Zianno's inadvertent discovery of the cocaine vial gave him ample cause to believe the vehicle contained drugs. In this regard, the magistrate judge noted that although there were inconsistencies in Zianno's testimony, the inconsistencies were not material; and furthermore, that Baxter's testimony was not credible, given his statements in the state court proceeding.[2]
 
 
 6
 The district court overruled Baxter's objections and adopted the findings and conclusions contained in the magistrate judge's report and recommendation. The court added that Zianno had probable cause to arrest upon observing the vial of cocaine and the resulting search was incident to the arrest; that Baxter's state plea constituted a waiver of any objections to the search; and that the conviction in state court and transcript admissions made as part of the state plea were sufficient to convict Baxter without evidence from the search at the scene of the stop. This appeal followed.
 
 II.
 
 7
 This court reviews findings of fact for clear error; questions of law are reviewed de novo. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993). Defendant raises several arguments on appeal. Initially he challenges the district court's ruling that the state plea operated as a waiver of his right to contest the unlawful seizure in federal court. Because the district court also ruled on the merits, we decline to address this issue.
 
 
 8
 Baxter's claims on the merits of the district court decision fail. Baxter asserts that the initial stop was not supported by specific, articulable facts sufficient to create a reasonable suspicion of criminal conduct. We disagree. Zianno testified without contradiction that he observed a dealer's license tag with an expiration date of December 31, 1992, in violation of Kentucky state traffic law Ky.Rev.St.Ann. Sec. 186.070 (Baldwin 1995). The resulting stop therefore was lawful, even if the officer harbored other suspicions. United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994).
 
 
 9
 Baxter also claims that his detention subsequent to the stop of the vehicle was unreasonable and turned into an unlawful arrest, and that the ensuing search also was unlawful. These contentions too are without merit. Zianno testified that he considered the stop be a routine traffic stop, and that as soon as he learned that he would be unable to confirm whether the tag belonged to this vehicle and whether Baxter was the owner, Zianno indicated that he would be issuing Baxter a citation for driving without proof of registration and insurance, and that the vehicle was going to be impounded. (J.A. 8-9.) Any delay spent waiting for the wrecker was minimal. Moreover, by Baxter's own admission, Zianno told Baxter that he could remove his belongings from the truck, indicating that he was free to leave.
 
 
 10
 The arrest did not occur until after Zianno observed the vial and after he felt the outline of a gun. However, as pointed out by the district court, at this point Zianno had probable cause to arrest, based upon a reasonable belief that Baxter had drugs and other contraband.
 
 
 11
 The subsequent search of the vehicle was justified as a search incident to a lawful arrest, New York v. Belton, 453 U.S. 454 (1981); see also United States v. Mans, 999 F.2d 966, 968-69 (6th Cir.), cert. denied, 114 S.Ct. 567 (1993), as well as an inventory search. Colorado v. Bertine, 479 U.S. 367 (1987). The search of the truck and duffel bag was justified because Zianno had probable cause to believe that these items contained contraband. California v. Acevedo, 500 U.S. 565 (1991); United States v. Harvey, 16 F.3d 109, 112 (6th Cir.), cert. denied, 115 S.Ct. 258 (1994).
 
 
 12
 Integral to Baxter's challenges to the seizure and search are his attacks on the district court's factual findings. After reviewing the record, we cannot say that the district court's determination that Zianno was more credible than Baxter, and that the inconsistencies in Zianno's testimony were immaterial, are clearly erroneous. Thus, we hold that the district court's factual findings support its legal rulings.[3]
 
 
 13
 For the reasons stated above, we AFFIRM.
 
 
 
 [1]
 The tow truck driver testified at a supplemental hearing
 
 
 [2]
 In the state plea proceeding, Baxter admitted that he was carrying a .38 semi-automatic handgun which belonged to him
 
 
 [3]
 Given our ruling above, we need not address Baxter's claim that he has standing to contest the validity of the search of the leather jacket and duffel bag