UNITED STATES of America,
Plaintiff–Appellee,

v.

Billy Wayne McCROY, Defendant–
Appellant.

No. 95–6380.

United States Court of Appeals,
Sixth Circuit.

Decided Dec. 11, 1996.

Argued Oct. 8, 1996.

J. Edgar Schmutzer, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Attorney, Knoxville, TN, for Plaintiff-Appellee.

Kim A. Tollison (argued and briefed), Federal Defender Services, Knoxville, TN, for Defendant-Appellant.

Before LIVELY, BOGGS, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Defendant Billy McCroy appeals the district court's denial of his motion to suppress two pawn shop tickets seized from his wallet while he was being detained for shoplifting two cartons of cigarettes from a Tennessee Wal–Mart. The discovery of the pawn tickets led the police to a stolen rifle and resulted in defendant's conviction for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), and for giving a false statement in an attempt to acquire a firearm pursuant to 18 U.S.C. §§ 922(a)(6), 924(a). For the following reasons we affirm.

I.

According to the suppression hearing testimony of Oak Ridge, Tennessee police officer Craig Bjelland, a security guard at the local Wal–Mart telephoned the police department on April 25, 1993 to report a shoplifter in custody. The security guard indicated that the suspect refused to give his name or address. When Bjelland asked the suspect for identification, he indicated that he did not have any. However, a pat-down revealed a wallet that identified the suspect as defendant Billy McCroy. Bjelland transported defendant to the Oak Ridge police station.

Upon arrival at the police station, Bjelland proceeded to inventory the contents of defendant's wallet, which included two pawn shop tickets. One of the pawn tickets was for a rifle. The inventory was conducted pursuant to departmental procedure.[1] At the same

---

1. During the suppression hearing, the officer read a portion of the police department's proce-   dure manual into the record:

time Bjelland had a dispatcher perform a criminal history check on the defendant, which revealed that defendant was a convicted felon. A subsequent check of the serial number of the rifle further revealed that it had been stolen.

After being fingerprinted and photographed, defendant was issued a citation for shoplifting and released. On May 3, 1994, defendant was indicted on federal firearms charges.

On August 10, 1994, defendant filed a motion to suppress the pawn tickets seized from his wallet. A hearing on the motion was held on May 3, 1995, before a magistrate judge. On May 10, 1995, the magistrate judge issued a report and recommendation denying the motion to suppress. The district court subsequently adopted the magistrate judge's report and recommendation. Defendant elected to go to trial and was convicted on all counts.

## II.

■ On appeal, defendant argues that the district court erred in failing to suppress the pawn tickets seized from his wallet because they were seized in violation of his Fourth Amendment rights. When reviewing the denial of a motion to suppress, this court accepts the factual findings of the district court unless they are clearly erroneous; conclusions of law are subject to de novo review. *United States v. Hudgins,* 52 F.3d 115, 118 (6th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995).

In *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the Court held that an officer making a lawful custodial arrest may search the suspect in order to secure the area around his immediate control. However, as the Court later explained, this authority is not based solely upon a need to render the suspect harmless:

The authority to search the person incident to a lawful custodial arrest, while

At the time of prisoner's booking ... all property in possession of the prisoner that is to be withheld from the prisoner and maintained within the prisoner property accounting system is to be listed on the standard Oak Ridge

based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

*United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973).

Although defendant's wallet was originally examined when Officer Bjelland arrived at Wal–Mart, the pawn shop tickets that led to the stolen rifle were uncovered during an inventory search at the police station. As the Supreme Court has noted, the rationale justifying an inventory search differs somewhat from that of a search incident to arrest, although it, too, falls outside the warrant requirement:

At the stationhouse, it is entirely proper for the police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed. A range of governmental interests supports an inventory process. It is not unheard of for persons employed in police activities to steal property taken from arrested persons; similarly, arrested persons have been known to make false claims regarding what was taken from their possession at the stationhouse.... Examining all the items removed from the arrestee's person or possession and listing or inventorying them is an entirely reasonable administrative procedure.

police department prisoner property receipt. If no property is withheld, a receipt must be issued indicating that no property was withheld.

*Illinois v. Lafayette,* 462 U.S. 640, 646, 103 S.Ct. 2605, 2609, 77 L.Ed.2d 65 (1983).

Defendant argues that *Lafayette* does not apply to his case because he was never "jailed"; rather, he was issued a citation and released. However, that argument misses the point. The rationale of *Lafayette* focuses upon protection of both the arrestee and police during the period a suspect is detained at the station house. At the time of the search, defendant had been placed in a holding facility until it could be determined whether any outstanding warrants had been issued against him. Thus, at the time of the inventory search it was by no means certain that defendant would be released with a citation. Under these circumstances, an inventory search represents the type of "entirely reasonable administrative procedure" contemplated by *Lafayette*.

### III.

For the foregoing reasons, the judgment of the district court is hereby **affirmed**.