**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jackie Joe GUY, Defendant–Appellant.**

**No. 99–6392.**

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before BOGGS and GILMAN, Circuit Judges; BECKWITH, District Judge.*

OPINION

GILMAN, Circuit Judge.

Jackie Joe Guy pled guilty to a two-count indictment charging him with possession of methamphetamine and carrying a firearm in relation to a drug-trafficking crime. He specifically retained the right, however, to move to suppress the evidence seized as a result of the search of his car in which he was sitting at the time of his arrest, and to appeal any denial of the motion. The district court subsequently denied Guy's motion to suppress, and sentenced him to 125 months of imprisonment. Guy now appeals, claiming that the district court erred in upholding the warrantless search of his car. For the reasons set forth below, we AFFIRM the judgement of the district court.

I. BACKGROUND

At about 12:30 a.m. on August 27, 1998. Wesley Wampler, a police officer, was driving in a rural area in Marion County, Tennessee on a routine patrol. He noticed a blue 1986 Chevrolet Camero parked in a "pull-off" area on the side of the road. Because he had experienced other "incidents" in the same area, he stopped to investigate. Wampler approached the car and saw Guy sleeping in the driver's seat. He observed that Guy was holding a "crank pipe" in his hands. ("Crank pipe" is a slang term used to describe a distinctive type of pipe used to smoke metham-

phetamine.) The car was running and the radio was playing loudly.

Wampler returned to his patrol car and called for a backup. Officer Billy Powell arrived on the scene to assist Wampler. The two officers approached Guy's car and found him in the same position as before. After failing to awaken Guy by speaking to him, they reached inside the partially opened window, unlocked the door, turned off the car's ignition, and removed the crank pipe from Guy's hands. They finally succeeded at awakening Guy by shaking his shoulders for about a minute and a half. The officers removed Guy from the car and placed him under arrest for possessing the crank pipe and for Driving Under the Influence.

Without informing Guy of his Fifth Amendment privilege against self-incrimination, Powell asked Guy what he had been smoking with the pipe. Although still disoriented from waking up Guy responded that he had been smoking "meth." Powell then turned Guy around and subjected him to a pat-down search. Sensing something in Guy's right-breast pocket, Powell reached in and retrieved a small bag containing methamphetamine.

After arresting Guy and conducting the pat-down search, the officers placed him in Wampler's patrol car. They then searched Guy's car while awaiting a tow truck. As a result of the search, Wampler found two firearms in the center console, a mobile phone, a pager, and a duffel bag in the back seat. Inside the duffel bag, he found an ammunition box and opened it. The box contained a white rock substance packaged in individual plastic bags, electronic scales, and a bottle of iodine crystals. The substance, when later analyzed, was found

* The Honorable Sandra Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

to consist of 277 grams of methamphetamine.

Guy entered into a plea agreement with the government on May 25, 1999. His attorney promptly filed a motion to suppress the evidence found as a result of the search of his car. The district court referred the motion to a magistrate judge. After an evidentiary hearing, the magistrate judge determined that Guy's answers to the questions that Powell had asked him should be suppressed as violative of Guy's *Miranda* rights. The methamphetamine from Guy's pocket, however, was deemed admissible because it was discovered during a search incident to a valid arrest. Finally, the magistrate judge concluded that the contraband found during the search of Guy's car after he was arrested was admissible because it fell within the "automobile exception" to the Fourth Amendment search warrant requirement. Guy filed timely objections to the magistrate judge's recommendation, challenging in particular the conclusion that the search of his car was valid.

The district court adopted the findings of the magistrate judge, thereby denying Guy's motion to suppress the evidence found during the search of his car. Guy appeals, claiming that the district court erred in upholding the warrantless search of his car after he had been arrested and placed in Wampler's patrol car.

## II. ANALYSIS

The district court's factual findings relating to the motion to suppress will not be disturbed unless clearly erroneous. *See United States v. Walker*, 181 F.3d 774, 776 (6th Cir.1999). Its legal conclusions are reviewed de novo. *See id.*

Guy argues that the district court erred in upholding the warrantless search of his car. He contends that the search was illegal because there existed no danger

that the contents of the vehicle would be lost or destroyed, or that anything within the vehicle presented a danger to the officers. Guy, however, cites no case authority to support his position.

The Fourth Amendment provides in pertinent part for the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." To protect against unreasonable searches and seizures, police officers are generally required to obtain a valid search warrant, rendering "searches conducted outside the judicial process, without prior approval by judge or magistrate, per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted).

Two such exceptions are the "search incident to a valid arrest exception" and the "automobile exception." Under the search incident to a valid arrest exception, a lawful custodial arrest justifies a contemporaneous warrantless search of the person arrested, as well as of the immediately surrounding area. *See Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The automobile exception allows the police to "search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *See California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (upholding the search of a bag within an automobile when the police had probable cause to believe that the bag contained contraband).

Caselaw in our circuit has elaborated on the exceptions to the warrant requirement to determine when searches are valid within the confines of the Fourth Amendment.

In particular, we have upheld police searches of an automobile incident to an arrest, even when the defendant has been separated from his car before the police officers have conducted the search. *See United States v. Mans,* 999 F.2d 966, 968–69 (6th Cir.1993) (holding that a search of an automobile for contraband after the defendant was arrested and placed in the police cruiser was constitutional); *United States v. Hudgins,* 52 F.3d 115, 119 (6th Cir.1995) ("Our decisions have consistently upheld the search of the passenger compartment of an automobile when the officer initiated contact with the defendant while the defendant was still within the automobile later searched, regardless of whether the defendant was arrested while actually occupying the automobile or after having recently been removed from the automobile."); *United States v. Pasquarille,* 20 F.3d 682 (6th Cir.1994) (upholding the warrantless search of a van when the police officer had probable cause to believe that the van contained evidence of a crime). In sum, under the law of our circuit, "where police have probable cause to believe that a vehicle contains contraband, they may search the entire vehicle and any containers located within it." *Mans,* 999 F.2d at 969.

In the case before us. Wampler first found Guy asleep with a crank pipe in his hands. The officers then arrested Guy for possession of the pipe and Driving Under the Influence. As a result, the officers had probable cause to believe that contraband would be found in his car. The fact that the officers removed Guy from his automobile and placed him in their patrol car before conducting their search does not detract from the constitutionality of the search. Even Guy concedes in his brief that "the automobile exception is broad." Consequently, the district court did not err in upholding the officers' search of Guy's car and admitting the methamphetamine and firearms found inside.

## III. CONCLUSION

For all of the reasons set forth above, we AFFIRM the judgment of the district court.