**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scottie LAY, Defendant–Appellant.**

No. 99–6683.

United States Court of Appeals,
Sixth Circuit.

April 9, 2001.

Before SILER, MOORE, and CLAY,
Circuit Judges.

PER CURIAM.

Defendant Scottie Lay was convicted of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a), and sentenced to 188 months imprisonment. He appeals the district court's denial of his motion to suppress guns obtained during a search of his vehicle. We affirm.

## BACKGROUND

In 1998, the vehicle in which Lay was a passenger was stopped after a near collision. The driver, defendant's wife, was immediately approached by Officer Tom Hamlett while she was standing outside of her vehicle. It was confirmed she was driving on a suspended license so she was arrested and placed inside Officer Hamlett's patrol car. A subsequent search of the vehicle revealed eight weapons.

Lay moved to suppress the evidence of the weapons. The district court determined:

what has been clarified ... and ... is most important ... is that both individuals, the defendant and Ms. Lay, knew

that there was a police car behind them, who had followed them into this parking lot ... So before [Angela Lay] left the car, she was aware that the policeman had pulled up behind her. And she probably knew that it was because of this incident with this other car. And that is crucial to the analysis of whether there was a proper search incident to an arrest in light of some of the case law in the Sixth Circuit, including the *Mans* case.[1] ... the Court does rule that the arrest of Ms. Lay was a valid arrest for these various traffic offenses, and tags and licenses, and so forth. And she was validly arrested and in custody; and ... because Ms. Lay was aware of the policeman's presence before she got out of the car, according to the testimony of Mr. Lay and according to the initial testimony of Ms. Lay, because of that, this was a valid search incident to arrest.

### STANDARD OF REVIEW

■ This court reviews the factual findings of a district court's denial of a motion to suppress under the clearly erroneous standard. *See United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999).

### DISCUSSION

■■ During the course of an arrest, an officer acting under probable cause may search the arrestee and any area under his or her immediate control under the search incident to arrest exception to the warrant requirement. *See Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). If an "officer initiates contact with [a subsequently arrested] defendant, either by actually confronting the defendant or by signaling confrontation with the defendant[ ] while the defendant

is still in the automobile," the officer may search the automobile regardless of whether the defendant exited the vehicle prior to the arrest. *United States v. Hudgins*, 52 F.3d 115, 119 (6th Cir.1995). Furthermore, *United States v. Mans*, 999 F.2d 966 (6th Cir.1993), holds that "even if the arrestee has been separated from [her] car prior to the search", the search is incident to the lawful arrest even "without a warrant or probable cause." *Id.* at 968–69.

■ In light of the testimony given at both of the suppression hearings, the district court's factual conclusions are "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The district court's conclusion that Mrs. Lay was aware of Officer Hamlett's presence when she exited her vehicle was not clearly erroneous, and the search of the Lay vehicle was incident to her lawful arrest.

AFFIRMED.

---

1. *United States v. Mans*, 999 F.2d 966 (6th    Cir.1993).