**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth L. BROWN, Jr., Defendant–**
**Appellant.**

**No. 00–4518.**

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

388

Before RYAN and COLE, Circuit Judges; WILLIAMS, District Judge.*

Kenneth L. Brown, Jr., represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Brown entered a conditional guilty plea to being a felon in possession of live ammunition in violation of 18 U.S.C. § 922(g)(1) and possessing with intent to distribute over fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Brown preserved his right to appeal the district court denial of his motion to suppress. He was sentenced to 262 months of imprisonment. Brown has filed a timely appeal, arguing that the district court erred when it denied his motion to suppress evidence.

Upon review, we conclude that the district court properly denied Brown's motion to suppress. *United States v. Hill,* 195 F.3d 258, 264 (6th Cir.1999), *cert. denied,*

528 U.S. 1176, 120 S.Ct. 1207, 145 L.Ed.2d 1110 (2000). In reviewing the district court's decision, this court views the evidence in the light most likely to support the district court's decision. *United States v. Ursery,* 109 F.3d 1129, 1132 (6th Cir. 1997).

The federal agents properly searched Brown and his vehicle. When an individual is subject to a lawful investigative detention, an officer may conduct a limited frisk or pat-down of that person for weapons if the officer has a reasonable suspicion of criminal activity and a reasonable belief that the suspect is armed and dangerous. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant the intrusion. *Terry,* 392 U.S. at 21, 88 S.Ct. 1868. Under the circumstances of this case, the district court properly concluded that the agents were entitled to continue their search during the time it took to verify Brown's identity. *See United States v. Lang,* 81 F.3d 955, 967 (10th Cir.1996).

■ Brown argues that the district court's decision was improper because: 1) the district court ignored conflicts in the testimony of agents Siliko and Larkin at different hearings; 2) the district court ignored the fact that the officers did not articulate any facts to indicate that Brown posed a threat; and 3) the district court ignored testimony that Brown did not pose a threat after he had been hand-cuffed. First, there was no material discrepancy in the agents' testimony, and it is the province of the district court to weight the evidence, resolve any discrepancies which may exist, and judge the credibility of the witnesses. *United States v. Bradshaw,*

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

102 F.3d 204, 209–10 (6th Cir.1996). Second, the officers did testify that there was reason to believe that Brown presented a threat to their safety. Finally, contrary to Brown's assertion, no officer testified that Brown did not pose a threat to the agents' safety, despite the hand-cuffs.

 The agents also properly searched Brown's car. The record reflects that Brown was arrested for violating the conditions of his parole, because Brown possessed ammunition and crack cocaine. Moreover, because agents did not find a weapon corresponding to the ammunition Brown possessed, they decided to search the vehicle. The search of the car was properly conducted in conjunction with Brown's arrest. *United States v. Hudgins,* 52 F.3d 115, 119 (6th Cir.1995).

Accordingly, we affirm the district court's judgment.