IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30203
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEITH KISACK, also known as Keith Kisack,

                                        Defendant-Appellant;

_____

No. 01-30241

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STEVEN TAYLOR,

                                        Defendant-Appellant;

_____

No. 01-30311

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROSAIOUS WHITE,

                                        Defendant-Appellant;

No. 01-30312

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY HARRISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-172-1-N, 00-CR-172-2-N,
00-CR-172-3-N, 00-CR-172-4-N
--------------------
October 16, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Keith Kisack, Steven Taylor, Rosaious White, and Corey Harrison appeal the district court's order denying their motions to suppress evidence of firearms which were seized during the search of the rental car in which they were riding at the time of their arrest. The defendants failed to carry their burden of showing that they had a legitimate expectation of privacy in the rental car. See United States v. Riazco, 91 F.3d 752, 754-55 (5th Cir. 1996). Although we affirm the judgments under Riazco,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we note also that the search of the rental car was justified under <u>New York v. Belton</u>, 453 U.S. 454, 460 (1981).  We would not reach a different conclusion under the Sixth Circuit jurisprudence cited by Kisack.  <u>See</u> <u>United States v. Hudgins</u>, 52 F.3d 115, 119 n.2 (6th Cir. 1995); <u>see also</u> <u>United States v. Mans</u>, 999 F.2d 966, 968-69 (6th Cir. 1993).  The judgments are

AFFIRMED.