**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary Stephen STOTTS, Defendant–**
**Appellant.**

**No. 02–6053.**

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Jennifer L. Webber, Asst. U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Gary Stephen Stotts, pro se, Pollock, LA, for Defendant–Appellant.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

*ORDER*

Gary Stephen Stotts, a federal prisoner, appeals pro se a district court order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Stotts of the following counts: 1) manufacturing methamphetamine; 2) using a destructive device in violation of 18 U.S.C. § 924(c); 3) using an unassembled destructive device; and 4) possessing a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g). He was sentenced to 327 months of imprisonment on counts one and four, consecutive to thirty years of imprisonment on counts two and three. Count three was reversed by this court on direct appeal. *United States v. Stotts,* 176 F.3d 880 (6th Cir.1999).

In this motion for reduction of sentence, Stotts argued that Amendment 599 to the Sentencing Guidelines rendered improper the two-level enhancement to his offense level for manufacturing methamphetamine based on possession of a weapon, where he was also convicted under § 924(c) for the same conduct. The district court rejected this argument, noting that the enhancement in this case was not based on the use of a destructive device under count two, but on the possession of a firearm in count four.

Stotts reasserts his argument on appeal. Plaintiff argues that Stotts would have received the same sentence as a career offender regardless of the weapon enhancement, to which Stotts responds that no notice of intent to enhance his sentence as a career offender was given.

The denial of a motion for reduction of sentence is reviewed for an abuse of discretion. *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997). In this case, the motion for reduction of sentence was properly denied.

■ Contrary to the argument presented in the motion, the presentence investigation report clearly states that the two-

level enhancement was for possession of the firearm which was the basis of count four, not the use of a destructive device in count two. Amendment 599 only applies to convictions under § 924(c), not § 922(g). Moreover, enhancement is proper for possession of another weapon of a different type than that charged in the § 924(c) violation. *United States v. White,* 222 F.3d 363, 374–75 (7th Cir.2000). The record in this case also shows that the weapon enhancement was added pursuant to § 2D1.1(b)(1), while Amendment 599 applies to enhancements under § 2K2.4. Therefore, the Amendment on which Stotts relies is simply inapplicable to his case.

This court has also held that no double jeopardy violation occurs when possession of a weapon is used as the basis for one offense and as a mandatory ground for enhancement in a separate offense. *United States v. Taylor,* 248 F.3d 506, 516–17 (6th Cir.2001).

■ Finally, plaintiff's argument that Stotts would have received the same sentence as a career offender is well-taken, despite the argument in the reply brief that no notice of enhancement as a career offender was given, as such notice was not required. *United States v. Mans,* 999 F.2d 966, 969 (6th Cir.1993).

For all of the above reasons, the district court's order denying this motion for reduction of sentence is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.