**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Harold RIAZCO, a/k/a Raul Lugo Serrano, Defendant–Appellee.**

No. 96–20120
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1996.

Kathlyn Giannaula Snyder, Paula Camille Offenhauser, U.S. Attorney's Office, Houston, TX, for plaintiff-appellant.

Roland E. Dahlin, II, Federal Public Defender, Renata Ann Gowie, Thomas S. Berg, Assistant Federal Public Defenders, Houston, TX, for defendant-appellee.

Before GARWOOD, SMITH and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The United States appeals the grant of a motion to suppress evidence seized during a warrantless search of an automobile. We reverse and remand.

I.

On August 21, 1995, Gary Gresham, an investigator with Texas's narcotics task force, pulled over a car driven by Harold Riazco because of an unilluminated temporary license plate in the car's rear window and because Riazco had failed to stay within one lane. Gresham asked Riazco to step out of the car and produce his driver's license. A passenger, Margarita Gonzalez–Morin, told Gresham that Riazco did not speak English. Gresham then tried to obtain information from Riazco in poor, halting Spanish. Riazco produced identification indicating that his name was Raul Serrano Lugo.[1] Riazco told Gresham that he and Gonzalez–Morin were on their way to Dallas for two days.

Gresham then approached Gonzalez–Morin, determined that the car was rented, and asked her to produce the rental agreement. She complied, and Gresham noted that neither she nor Riazco was listed as an authorized driver on the rental agreement. The agreement specified that the vehicle was not to be used for illegal activity, and it was five days overdue for return to the rental company.

Gresham issued Riazco a citation (in English) for failing to maintain one lane. Riazco signed it without reading it. Gresham then asked him to sign a consent-to-search form (also in English). Riazco signed that as well, again without reading it.[2] While conducting a search of the car, Gresham discovered two brick packages of cocaine hidden in the speaker cavities. He then arrested both Riazco and Gonzalez–Morin.

Prior to trial, both defendants moved to suppress the seized evidence. At the suppression hearing, a videotape of the stop was admitted into evidence. Based in part upon this videotape, the district court concluded that Riazco was not aware that he was giving Gresham permission to search the car. The court concluded that the consent to search was invalid:

---

1. The fact that "Raul Serrano Lugo" was an alias did not come out until Riazco admitted it at the pretrial suppression hearing.

2. At the suppression hearing, Riazco testified that he had believed both forms were related to the traffic violation.

[The videotape] shows that the driver was given no instruction by the officer, and the Spanish used to describe the permission to search form is [sic] unclear and at best suspect. By suspect, the Court means that it was unintelligible and was an incorrect communication. Therefore, the Court finds that the consent to search was not knowingly or voluntarily given by the driver or the passenger because the driver was not aware that the instrument signed permitted the search.

The government argued that both Riazco and Gonzales–Morin lacked standing to challenge the search on the ground that neither (1) had rented the car, (2) was listed in the rental agreement as an authorized additional driver, or (3) had been given permission by the renter or the rental company. In rejecting this argument, the court stated:

Permitting use by one who is not named in the contract is not illegal. It simply supplies a basis for cancellation of the agreement. Therefore, any person with a license and apparent authority is a legal operator[,] particularly as between the operator and a third party, such as the police. After all, it is not a crime to drive a lease [sic] car without the permission of the rental agency.

Concluding that a driver, but not a passenger, has standing to challenge a search under these circumstances, the court granted the motion to suppress as to Riazco but denied it as to Gonzalez–Morin.

## II.

We review de novo the legal question of whether a defendant has standing to challenge an allegedly illegal search as violative of the Fourth Amendment. See United States v. Kye Soo Lee, 898 F.2d 1034, 1037 (5th Cir.1990). We review for clear error any factual findings of the district court supporting its determination on the standing question. See id. Additionally, " '[t]he proponent of a motion to suppress has the bur-

den of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights.' " United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir.) (quoting United States v. Smith, 978 F.2d 171, 176 (5th Cir. 1992), cert. denied, 507 U.S. 999, 113 S.Ct. 1620, 123 L.Ed.2d 179 (1993)), cert. denied, 508 U.S. 944, 113 S.Ct. 2427, 124 L.Ed.2d 647 (1993).

The Supreme Court has established a two-pronged test for determining whether a defendant has standing to bring a Fourth Amendment challenge to an allegedly illegal search: "Such a determination depends on 1) whether the defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and 2) whether that expectation of privacy is one which society would recognize as [objectively] reasonable." Kye Soo Lee, 898 F.2d at 1037–38 & n. 5. Under this analysis, Riazco lacked standing to challenge the validity of the search.

Riazco, the driver of the car, did not assert a property or possessory interest in the vehicle. He neither owned nor rented it. The rental agreement specifically stated that the car was to be driven only by persons authorized by the car rental company, and Riazco was not so authorized. In fact, he admitted at the suppression hearing that he did not even have the renter's permission to drive it.[3]

Even if we assume that Riazco actually, subjectively expected privacy with respect to the ordinarily inaccessible recesses of the car—e.g., the speaker cavities—such an expectation of privacy was not objectively reasonable. We have already held that, "[t]ypically, a passenger without a possessory interest in an automobile lacks standing to complain of its search because his privacy expectation is not infringed." United States v. Roberson, 6 F.3d 1088, 1091 (5th Cir.1993), cert. denied, 510 U.S. 1182, 114 S.Ct. 1230, 127 L.Ed.2d 574, and cert. denied, 510 U.S. 1204, 114 S.Ct. 1322, 127 L.Ed.2d 671, and

3. Riazco testified at the suppression hearing as follows:
Q: Mr. Serrano [sic], do you know the person who actually rented the car you were driving?
A: Huh-uh. No.

Q: And you didn't know the owner or the person who rented that automobile, did you?

A: Well, you know, I did not know—well, I did not know who had rented it.
Q: They didn't give you permission to drive that car, did they?
A: No permission, no.

*cert. denied,* —— U.S. ——, 114 S.Ct. 1383, 128 L.Ed.2d 58 (1994). There is no logical reason to adopt a different rule for a driver simply because he happens to be behind the wheel when the car is stopped.[4]

Other circuits have held that persons driving a rental car without the authorization of the rental company have no standing to challenge the validity of a search, because they have no legitimate expectation of privacy in such circumstances. *See United States v. Wellons,* 32 F.3d 117, 119 & n. 4 (4th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); *United States v. Roper,* 918 F.2d 885, 887–88 (10th Cir. 1990). Another circuit has held that the driver must have at least obtained permission from the lawful renter in order to establish a legitimate expectation of privacy. *See United States v. Muhammad,* 58 F.3d 353, 355 (8th Cir.1995).

Neither *United States v. Martinez,* 808 F.2d 1050 (5th Cir.), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 533 (1987), nor *Kye Soo Lee* is to the contrary. In *Martinez,* the lawful owner of the car had given the defendant permission to use the car. 808 F.2d at 1056. Here, the rental company had not done so; in fact, by the terms of the rental agreement, it had expressly prohibited unauthorized persons from driving the vehicle. In *Kye Soo Lee,* the party who rented the car had given the defendants express permission to operate it.

The district court appeared to rest its decision in large part on a finding that Riazco had permission from the passenger of the car, Gonzalez–Morin, to operate the vehicle. Even if true, this fact is not legally relevant. Gonzalez–Morin did not rent the car; in fact, she was not even authorized by the rental company to *drive* it, let alone to authorize another person to do so.

It was not objectively reasonable for Riazco to expect privacy—with respect to the car's speaker cavities—based on the permission of a person who was not in fact authorized to drive the rental car. Because Riazco cannot meet the objective reasonableness prong of the standing test, he has failed to establish a legitimate expectation of privacy with respect to the speaker cavities.

Riazco has failed to establish that he had an expectation of privacy that society would consider objectively reasonable. Therefore, the district court erred in granting the motion to suppress evidence. Accordingly, we REVERSE and REMAND for further proceedings.

---

**4.** Adopting a different rule for drivers would lead to absurd results. For example, suppose two people were driving in turns. Under a rule protecting drivers and not passengers, the Fourth Amendment protection would depend on who was driving.