**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30455
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE D. GLASPIE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CR-20098-1)

June 17, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terrance D. Glaspie, Defendant-Appellant, appeals his jury-verdict conviction and sentence for aiding and abetting another person to possess with intent to distribute cocaine base. He argues for the first time on appeal that one witness's testimony against him at trial was improper pursuant to 18 U.S.C. § 201(c)(2) because it was given in exchange for leniency by the Government. We, however, have previously rejected such an argument. *See United States v. Haese*, 162 F.3d 359, 366-67 (5th Cir. 1998), *petition for cert. filed*, (U.S. Apr. 15, 1999) (No. 98-9005).

Glaspie also contends that the district court erred by denying his motion to suppress incriminating post-arrest statements he made to FBI agents after waiving his rights under *Miranda v. Arizona*, 384 U.S. 436, 88 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), because the statements were not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntary and, therefore, were inadmissable under FED. R. CRIM. P. 11(e)(6) and FED. R. EVID. 410. After considering the factors set forth in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973), we conclude that Glaspie's statements "were the product of his free and rational choice." *United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir. 1993). In addition, because Glaspie was not negotiating an actual plea with a government attorney, his statements were not inadmissable under FED. R. CRIM. P. 11(e)(6) and FED. R. EVID. 410. *See United States v. Robertson*, 582 F.2d 1356, 1368 (5th Cir. 1978).

Glaspie also argues that the district court erred in denying his motion to suppress evidence seized from his girlfriend's automobile. We conclude that Glaspie did not have standing to contest the search of the vehicle because he did not establish an objectively reasonable expectation of privacy. *See United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED.