IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60345
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN BOYD,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CR-30-ALL-PG
--------------------
March 21, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Boyd appeals his conviction and sentence for four counts of possession with the intent to distribute cocaine base, or crack. Boyd argues that the district court erred in denying his motion to suppress the evidence taken from 501 Dearborne Street on April 1, 1998. He also argues that the district court erred in concluding that he lacked standing to challenge that search. The district court's factual findings underlying the legal question are not clearly erroneous. See United States v. Riazco, 91 F.3d 752, 754 (5th Cir. 1996). We agree with the court's conclusion that Boyd

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not have a legitimate expectation of privacy, and thus, Boyd lacks standing on his Fourth Amendment issues. See United States v. Ibarra, 948 F.2d 903, 906 (5th Cir. 1991), aff'd by an equally divided court on unrelated issue, 965 F.2d 1354 (5th Cir. 1992) (en banc).

Boyd argues that his oral confession made to Agent Seabrooks should have been suppressed as fruit of the poisonous tree, namely, the law enforcement agents' unlawful search of 501 Dearborne. Because Boyd lacked standing to contest the underlying search, his argument is without merit. See United States v. Congote, 656 F.2d 971, 975 (5th Cir. Unit B 1981).

Boyd raises three evidentiary issues. First, he argues that the district court erred in admitting into evidence the exhibits, exhs. G-4, G-8, G-12, and G-19, the crack which Boyd sold to the two cooperating witnesses. Boyd contends that the Government failed to establish a chain of custody for each of the exhibits because the cooperating witnesses were not asked to identify the exhibits as the crack which they purchased from Boyd. We detect no abuse of discretion by the district court in admitting the evidence. See United States v. Logan, 949 F.2d 1370, 1377-78 (5th Cir. 1991); see also United States v. Dixon, 132 F.3d 192, 197 (5th Cir. 1997).

Second, Boyd contends that exh. G-21, the powder cocaine found in 501 Dearborne, was evidence beyond the scope of the indictment. The district court did not abuse its discretion in concluding that the evidence was intrinsic to the charged offenses. See United States v. Coleman, 78 F.3d 154, 156-57 (5th Cir. 1996).

Third, Boyd argues that Seabrooks' testimony of Boyd's statements concerning his purchase of large quantities of cocaine powder in Bogalusa, Louisiana, was inadmissible as fruit of the poisonous tree, the search of 501 Dearborne, and inadmissible pursuant to FED. R. EVID. 404(b). The first contention is defeated by Boyd's lack of standing to challenge the search of the residence. See Conqote, 656 F.2d at 975. Because Boyd did not object pursuant to Rule 404(b) to the evidence until the matter was covered again on redirect-examination, this court reviews for plain error. See United States v. Beaumont, 972 F.2d 553, 565 (5th Cir. 1992). We detect no plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

For his last issue, Boyd argues that the district court erred by denying his renewed motion for directed verdict[**] and by denying the motion for new trial pursuant to FED. R. CRIM. P. 33. Boyd's argument is essentially a rehash of his earlier arguments discussed above. Our review of the evidence reveals that a reasonable juror would have found beyond a reasonable doubt Boyd guilty on all counts. See United States v. Rasco, 123 F.3d 222, 228-29 (5th Cir. 1997). The district court did not abuse its discretion in denying the Rule 33 motion. See id.

AFFIRMED.

---

[**] "Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place." FED. R. CRIM. P. 29(a).