IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40740
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID CHARLES JENKINS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-30-2
--------------------
October 31, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

David Charles Jenkins entered a conditional guilty plea to
conspiracy to possess with intent to distribute more than 50
grams of cocaine base and marijuana.  Jenkins appeals the
district court's denial of his motion to suppress the evidence
seized following a traffic stop and detention.  The initial stop
for driving left of the center line was a valid traffic stop
under Louisiana law.  See LA. REV. STAT. ANN. 32:71 (West 2002);
United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993).

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Based on Officer James Dyess' knowledge of Jenkins from prior narcotics investigations and Officer Byron Juneau's information concerning Jenkins from a confidential informant, the officers had sufficient reasonable suspicion that Jenkins was involved in drug-trafficking activity to justify extending the detention of Jenkins and the other occupants of the vehicle. See United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000). After questioning Jenkins and Shamika Vaughns, the officers determined that Jenkins was not an authorized driver of the rental vehicle and that Vaughns was the authorized driver; they obtained oral and written permission of Vaughns to search the vehicle. Because Jenkins was not the owner, the renter, or an authorized driver of the rental vehicle, he did not have standing to challenge the search of the vehicle. See United States v. Riazco, 91 F.3d 752, 754-55 (5th Cir. 1996). Therefore, Jenkins has not shown that the district court erred in denying his motion to suppress the evidence.

AFFIRMED.