United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 28, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-10103
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN RAMIREZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas
(3:03-CR-91-1-M)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Ramirez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. He was sentenced, *inter alia*, to a 360-month term of imprisonment. He raises several issues on appeal.

Ramirez claims the district court erred in adjusting his offense level upward because of his aggravating role in the offense and in determining the quantity of drugs attributable to him. Under the terms of his plea agreement, Ramirez waived the right to raise these issues on appeal. *See, e.g.,* ***United States v.***

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Ramirez has not shown that the district court abused its discretion in refusing to permit Ramirez to withdraw his guilty plea. *See, e.g.*, **United States v. Carr**, 740 F.2d 339, 344 (5th Cir. 1984); *see also*, FED. R. CRIM. P. 11(d).

Ramirez contends that the district court abused its discretion by initially refusing to grant his request for substitution of counsel. *E.g.*, **United States v. Young**, 482 F.2d 993, 995 (5th Cir. 1973). "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." **Id**. at 995. Ramirez has not shown that the magistrate judge abused his discretion in denying the motion for substitution of counsel for lack of good cause.

Next, Ramirez contests the district court's determination that he lacked standing to challenge the warrantless search of the vehicle where the contraband was found. "We review *de novo* the legal question of whether a defendant has standing to challenge an allegedly illegal search as violative of the Fourth Amendment." *E.g.,* **United States v. Riazco**, 91 F.3d 752, 754 (5th Cir.), *cert. denied*, 519 U.S. 1000 (1996) Ramirez did not have a possessory interest in the vehicle, nor was he even in it when it was stopped. Therefore, the district court did not err in concluding that Ramirez did not have a legitimate expectation of privacy in the

2

vehicle. *See* **Rakas v. Illinois**, 439 U.S. 128, 149 (1978); **Riazco**, 91 F.3d at 754. Because Ramirez lacked standing, we do not reach the question whether the search was illegal.

Ramirez contends that his attorney rendered ineffective assistance by failing to obtain adequate responses to all of the defense's discovery requests prior to the hearing on the suppression motion. An ineffective assistance claim requires a defendant show both that his attorney's performance did not meet an objective standard of reasonableness and that he was prejudiced by the deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1984). Because he lacked standing to challenge the seizure, Ramirez has not shown that his counsel's performance was objectively unreasonable; in the alternative, he has not shown that more complete discovery responses would have changed the result of the proceeding.

Ramirez contends his sentence was illegal, in the light of **Blakely v. Washington**, ___ U.S. ___, 124 S. Ct. 2531 (2004). This issue is foreclosed by **United States v. Pineiro**, 377 F.3d 464, 465-66 (5th Cir. 2004), *petition for cert. filed* (14 July 2004).

**AFFIRMED**

3