# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

No. 12-41002
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MIGUEL ANGEL VALDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-926-2

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Valdez appeals his conviction for conspiracy to possess with the intent to distribute five kilograms or more of cocaine and his within-guidelines sentence of 121 months. Valdez argues that the district court erred in denying his motion to suppress based on the finding that he lacked standing to challenge the search of a barn because he had no possessory or privacy interest in the property. He contends that under *Brendlin v. California*, 551 U.S. 249 (2007), he had standing to challenge the legality of the simultaneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seizure of himself and his co-conspirators despite the fact that he was not the owner of the barn.

We review de novo whether a defendant has standing to challenge the legality of a search under the Fourth Amendment. *United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996). In essence, Valdez seeks to vicariously challenge his co-conspirator's detention. However, an individual cannot raise a vicarious Fourth Amendment claim. *Rakas v. Illinois*, 439 U.S. 128, 133-44 (1978).

Additionally, Valdez's reliance on *Brendlin* for the proposition that an individual without a possessory or privacy interest in a thing searched has standing to challenge the search is misplaced. In *Brendlin*, the Supreme Court held that the passenger of a vehicle has standing to contest the legality of the traffic stop that results in his own detention. 551 U.S. at 251. There is no indication in *Brendlin* that an individual who lacks a possessory interest in a place or thing searched has standing to challenge the legality of that search. Because Valdez did not establish that he had either "a property or possessory interest in the [barn]," *Riazco*, 91 F.3d at 754, the district court correctly decided that he did not have standing to challenge the search of it. *See Rakas*, 439 U.S. at 133-48.

Valdez also argues that the Government refused to file a § 5K1.1 motion for unconstitutional reasons. Specifically, he contends that the Government refused to file the motion because Valdez asserted his Fourth Amendment rights when he filed the motion to suppress.

When the Government refuses to file a § 5K1.1 motion, such refusal is not reviewable unless it is based on an "unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185-86 (1992). The record does not support a "substantial threshold showing" that the Government's motive in refusing to file a § 5K1.1 motion was based on a unconstitutional reason. *United States v. Sneed*, 63 F.3d

381, 388 n.6 (5th Cir. 1995).  Rather, the Government refused to file the motion based on the conclusion that Valdez failed to provide substantial assistance.

Accordingly, the judgment of the district court is AFFIRMED.