# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DURON WILSON HENTON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-403-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After a conditional guilty plea, Duron Wilson Henton was convicted on one count of conspiracy to distribute heroin and one count of possession with the intent to distribute heroin. On appeal, Henton argues that the district court erred by failing to suppress evidence seized from his vehicle following a traffic stop. When reviewing the denial of a motion to suppress, we review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings for clear error and conclusions of law de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

The district court did not err by concluding that the initial stop was based on both a traffic violation and reasonable suspicion of a drug offense, and that the detention was not unreasonably prolonged. Prior to the traffic stop, the officer was aware of information obtained from two confidential informants (CIs) and the investigation into that information. Specifically, the two CIs provided information that someone named Duron was in town from Michigan trying to sell large amounts of heroin, that Duron was tied to a residence where drugs had previously been found, and that heroin had been offered to both of the CIs. After surveillance of the residence, an officer identified a vehicle with Michigan license plates registered to Henton, who had an extensive criminal history involving large amounts of drugs. As the officer was writing out a search warrant for the residence, one of the CIs alerted him that Henton was leaving the area.

Henton was pulled over for a traffic violation but also because the officers had reasonable suspicion of drug activity. *See United States v. Powell*, 732 F.3d 361, 371-72 (5th Cir. 2013). Even if the pre-stop information did not amount to reasonable suspicion justifying the stop or the prolonged detention, during the course of the ensuing traffic stop, Henton acted extremely nervous and gave conflicting information. Given the totality of the circumstances, including the information developed before and after the stop, the officer had reasonable suspicion to prolong the traffic stop and conduct the dog sniff. *See United States v. Powell*, 732 F.3d 361, 371-72 (5th Cir. 2013); *United States v. Andres*, 703 F.3d 828, 833-34 (5th Cir. 2013).

Henton's vehicle was searched after the drug dog performed a sniff around the vehicle and alerted. The canine officer provided detailed testimony

No. 14-50749

about the dog's behavior. The district court did not err by concluding that the alert established probable cause to search Henton's vehicle. *See Florida v. Harris*, 133 S. Ct. 1050, 1056-58 and n.2 (2013).

AFFIRMED.