PER CURIAM:*
Defendant appeals the district court’s denial of his motion to suppress evidence *248 obtained in a traffic stop based on a violation of the defendant’s Fourth Amendment rights. According to the defendant, the police discovered drugs in the vehicle that he was riding in only after unconstitutionally extending the traffic stop to conduct a dog sniff. We AFFIRM the district court’s judgment: the police officers stopped defendant’s vehicle based on a reasonable suspicion of both traffic violations and drug trafficking, and the dog sniff was reasonably necessary to investigate the suspected drug activity.
I.
A narcotics investigator for the Tarrant County, Texas Sheriffs Office received information that Johnny David Johnson sold methamphetamine from his home. The investigator enlisted a confidential informant to help gather evidence against Johnson.
In early February 2014, the informant met Johnson at his home and asked to purchase methamphetamine. Johnson kept a substantial amount of a crystal-like substance in a plastic bag, and after removing a portion, he handed it to the informant. Police later tested this substance and confirmed that it was methamphetamine. Roughly two weeks later, the informant made a second controlled buy from Johnson. Again, the informant visited Johnson at his home, and Johnson sold him a substance later confirmed as methamphetamine by police. Following the controlled buys of methamphetamine, the narcotics investigator obtained a search warrant for Johnson’s home.
Qn February 13, 2014, the Sheriffs Office proceeded to execute the warrant to search Johnson’s home. The team tasked with conducting the search included Eric Curtis, a narcotics investigator, and Jeff Tindle, a canine officer. Curtis had Johnson’s home under surveillance that morning as pre-search preparation.
Curtis saw Johnson walk out of his home and onto the driveway where several vehicles were parked. Johnson initially went to a white Jeep, but Curtis did not see Johnson remove anything from the vehicle nor did he observe any object in his hands. Johnson then entered the passenger’s side door of a pickup truck parked nearby.
The driver of the truck drove away with Johnson as a passenger; Curtis followed them in his unmarked vehicle. Curtis radioed Tindle to tell him that Johnson had left the home in a pickup truck and that he saw the vehicle commit two traffic violations. He asked Tindle to stop the truck in his marked police unit.
Tindle stopped the pickup truck and asked its occupants to exit. Johnson, along with the truck’s other occupants, complied.[1] However, at some point, the vehicle’s driver became agitated and Tindle had to restrain him with handcuffs. After the occupants exited the vehicle, Tindle ran a computer search for outstanding warrants. While none existed, the search revealed that each had prior felony convictions and that two of.the occupants were on probation.
Curtis arrived at the scene around the time Tindle completed the background check. He asked permission to search the pickup truck which the driver denied. Curtis then instructed Tindle to use his canine to perform a sniff test. While sniffing the pickup truck, the dog alerted to the presence of drugs. Curtis and Tindle searched *249 the truck and found both methamphetamine and a pistol.
The government indicted Johnson for possession with intent to distribute fifty grams or more of methamphetamine. Before trial, Johnson moved to suppress the drugs seized during the traffic stop arguing that the dog sniff unconstitutionally extended the stop and his detention. The district court denied his motion; it found that Johnson lacked Fourth Amendment standing to challenge the evidence, or alternatively, reasonable suspicion supported the sniff test. Ultimately, a jury found Johnson guilty. He now challenges the district court’s denial of his motion to suppress evidence from the traffic stop.
The denial of a motion to suppress creates a mixed question of fact and law.[2] We review factual findings for clear error and conclusions of law de novo.[3]
II.
Johnson argues that the district court erred in denying his motion to suppress evidence, because the evidence was discovered when police unconstitutionally extended the stop to perform a dog sniff. We analyze this argument in two steps: we consider whether the initial stop was justified by reasonable suspicion; if so, we then determine whether the officer’s subsequent actions during the stop reasonably related to the mission of the stop.[4]
The stop was made because of both the traffic violations and a reasonable suspicion of drug activity based on the information previously received from a confidential informant in connection with two controlled buys. This information was enough for a judicial officer to find probable cause to issue a search warrant for Johnson’s home, and it is obviously enough to satisfy the much lower standard of reasonable suspicion for a traffic stop.
Curtis and Tindle’s mission on the day of the stop was to investigate Johnson’s drug activity and to execute the search warrant authorizing that investigation. We have no difficulty saying that furthering their investigation into Johnson’s drug activity was one reason for the stop. Moreover, this court has recognized that reliance by an officer on information of drug activity developed before a traffic stop can be used as an additional justification for the traffic stop.[5] Therefore, because Tindle made the initial stop on suspicion of both a traffic violation and drug activity, the dog sniff was reasonably related to a cause of the stop.[6]
III.
For these reasons, we AFFIRM the district court’s judgment.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be *248 published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.,

. Other occupants of the pickup truck included its driver, John Berg, and Cora Kidd, the rear passenger.

. United States v. Riazco, 91 F.3d 752, 754 (5th Cir. 1996).

. Id.

. United States v. Davis, 620 Fed.Appx. 295, 298 (5th Cir. 2015).

. See, e.g., United States v. Henton, 600 Fed.Appx. 263, 264 (5th Cir. 2015) (“Given the totality of the circumstances, including the information developed before and after the stop, the officer had reasonable suspicion to prolong the traffic stop.”).

.See id. (“Henton was pulled over for a traffic violation but also because the officers had reasonable suspicion of drug activity!)]” and thus "the officer had reasonable suspicion to prolong the traffic stop and conduct the dog sniff.”).