# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30834
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS JAMES,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-138-3

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas James entered a conditional guilty plea to conspiracy to make and pass counterfeit checks, produce fraudulent identification documents, and use unauthorized access devices; access device fraud; and aggravated identity theft.  He appeals the district court's denial of his motion to suppress evidence found during a search of a stopped rental car in which he was a passenger.  The district court found that James lacked standing to contest the search of the car.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30834

We review the district court's findings of fact for clear error, viewing the evidence in the light most favorable to the prevailing party, and consider legal conclusions de novo. *United States v. Hernandez*, 647 F.3d 216, 218 (5th Cir. 2011). The question whether James has standing to contest the search of the car is an issue of law that we review de novo. *See United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996).

To assert the protections of the Fourth Amendment, a person must have "a legitimate expectation of privacy in the invaded place." *Hernandez*, 647 F.3d at 219. A passenger without a propriety or possessory interest in a vehicle that was searched has no reasonable expectation of privacy in the car itself. *Rakas v. Illinois*, 439 U.S. 128, 148 (1978); *United States v. Greer*, 939 F.2d 1076, 1093 (5th Cir. 1991), *op. reinstated in part on reh'g*, 968 F.2d 433 (5th Cir. 1992). Because James contends only that he had a privacy expectation as a passenger qua passenger, and the record does not reflect that he owned, rented, drove, or had control or authority over the car, he lacked standing to contest the search. *See Rakas*, 439 U.S. at 148; *Greer*, 939 F.2d at 1093; *Riazco*, 91 F.3d at 754-55. He does not challenge the lawfulness of the initial stop and, thus, cannot assert that the evidence recovered during the resulting search should be suppressed as fruits of illegal activity. *See United States v. Powell*, 732 F.3d 361, 375 (5th Cir. 2013). He did not gain control over the car by placing his bags in the trunk. *See United States v. Iraheta*, 764 F.3d 455, 462 (5th Cir. 2014).

James contends that the recent decision in *Byrd v. United States*, 138 S. Ct. 1518, 1527, 1531 (2018), which held that a driver in lawful possession or control of a rental car has a reasonable expectation of privacy even if he is not on the rental agreement, supports that he may challenge the search. However, there is no indication that *Byrd* implicates whether a passenger, like James, with no possessory or property interest in a car has a reasonable expectation

No. 18-30834

of privacy. *See Byrd,* 138 S. Ct. at 1526-31. We have not held otherwise and must follow our controlling authority. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Thus, the district court did not err in denying James's motion to suppress on the ground that he lacked standing to challenge the search. *See Rakas*, 439 U.S. at 148; *Riazco*, 91 F.3d at 754-55. Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance and the alternative motion for an extension of time to file a brief are DENIED.