# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 20-30348
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORY DARNELL JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-89-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

The district court conducted a bench trial and convicted Cory Darnell Johnson of possessing a firearm after having been convicted of a felony, *see* 18 U.S.C. § 922(g)(1), and sentenced him to a 63-month prison term and a three-year term of supervised release. Johnson appeals, arguing that the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

district court erred in denying his motion to suppress evidence seized as the result of a search that he maintains was illegal. Because we conclude that the district court did not err in its determination that Johnson lacks standing to challenge the warrantless, nonconsensual search, we affirm. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).

Suspecting a traffic violation, an on-duty Louisiana police officer stopped a Honda Accord driven by Benniesha Brown. Upon searching the vehicle, the officer found a Smith and Wesson 9 mm handgun in a backpack on the floorboard near Johnson, who occupied the front passenger seat and who admitted that the weapon was his. Johnson moved to suppress all evidence resulting from the search, arguing that the search was unconstitutional because he had not consented to it, no probable cause for the search existed, and the officer had no warrant authorizing the search.

Johnson and the officer were the only witnesses at the suppression hearing. The officer testified that Brown was the registered owner of the vehicle. Johnson testified that he had a property or possessory interest in the vehicle because of his long-term unmarried domestic relationship with Brown and because he had contributed $2,000 to the purchase price and helped to pick out the vehicle. Noting that Johnson failed to produce corroborating evidence to support his testimony, the district court declined to credit that testimony. Additionally, the district court determined that Johnson failed to establish an actual, subjective expectation of privacy with respect to the Accord that society would recognize as objectively reasonable. Consequently, the court determined that Johnson had failed to establish standing to contest the search. Before trial, the parties stipulated to the existence of facts sufficient to establish a violation of § 922(g)(1), assuming the search of the vehicle was legal. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019); *United States v. Ferguson*, 211 F.3d 878, 885 n.4 (5th Cir. 2000).

No. 20-30348

The Fourth Amendment guarantees individuals the right to be free of unreasonable searches and seizures. U.S. CONST. AMEND. IV. A police stop of a vehicle and the detention of its occupants constitutes a seizure under the Fourth Amendment. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc); *see Brendlin v. California*, 551 U.S. 249, 251 (2007). But one aggrieved by an illegal search or seizure solely though the introduction of evidence obtained by an invasion of a third person's property has not had his Fourth Amendment rights violated. *Rakas v. Illinois*, 439 U.S. 128, 133 (1978). Johnson does not argue that his person was illegally seized by virtue of the stop alone, and he does not claim that anything was taken from his person. Therefore, to succeed in his challenge to the stop and search of the Accord, Johnson must first establish that he had either "a property or possessory interest in the vehicle." *United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996); *see United States v. Kelley*, 981 F.2d 1464, 1467 (5th Cir. 1993).

Johnson does not satisfy his burden. *See Riazco*, 91 F.3d at 754. The district court's assessment of Johnson's testimony carries great weight on appeal. *See United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005). Johnson's conclusory assertions about social conventions and shared automobiles and what the Constitution protects are insufficient to reverse the district court's ruling. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007). Because the assessment of the pertinent evidence and the rejection of Johnson's conclusory assertions by the district court together provide a reasonable basis for upholding the suppression ruling, that ruling will not be disturbed. *See United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc).

AFFIRMED.